**Dolores HIBBARD, Plaintiff,**

v.

**DON LOVE, INC., Defendant.**

**Civ. A. No. H–84–134.**

United States District Court,
S.D. Texas,
Houston Division.

April 25, 1984.

---

William B. Portis, Jr., Houston, Tex., for plaintiff.

Michael Pohl, Gilpin, Maynard, Parsons, Pohl & Bennett, Houston, Tex., for defendant.

### ORDER

McDONALD, District Judge.

Came on to be heard the Motion to Dismiss for Lack of Jurisdiction over the Subject Matter of Defendant Don Love, Inc. Having considered the arguments of the parties the applicable law, the Court is of the opinion that the Motion should be GRANTED.

Defendant contends in its Motion that Plaintiff failed to file suit until after ninety days from the date she received her right-to-sue letter from the Equal Employment Opportunity Commission ("E.E.O.C."), as required by 42 U.S.C. § 2000e–5(f)(1). This requirement is jurisdictional and not subject to equitable tolling, Defendant claims, and therefore the Court may not hear the instant case. Plaintiff does not dispute that she filed out of time; instead, she argues that the Court should equitably toll the ninety-day period because she was moving from Arkansas to Texas during that period.

The Fifth Circuit does not consider the ninety-day filing requirement to be jurisdictional. *Sessions v. Rusk Hospital,* 648 F.2d 1066, 1069 (5th Cir.1981). *See also Nilsen v. City of Moss Point, Miss.,* 701 F.2d 556, 562 (5th Cir.1983) (noting that "the timely filing requirements of Title VII are to be treated as limitations periods"). Thus, the ninety-day filing cutoff can be equitably tolled. However, the circumstances Plaintiff describes to the Court, *i.e.,* that she was moving during the ninety-day period, do not equitably toll the running of the statute. The Fifth Circuit has described three types of situations in which equitable tolling has been found: (1) the pendency of an action between the same parties in state court, when the state court had jurisdiction over the subject matter but was the wrong forum under state law; (2) when defendant concealed facts supporting plaintiff's cause of action and plaintiff therefore did not know or should not have known about those facts; and (3) when the E.E.O.C. misleads a plaintiff about his rights under Title VII. *Chappell v. Emco Mach. Works Co.,* 601 F.2d 1295, 1302–03 (5th Cir.1979); *accord, Cruce v. Brazosport Ind. School Dist.,* 703 F.2d 862, 864 (5th Cir.1983) and cases cited *infra.* Plaintiff's moving does not fall into any of these three categories. Thus, Plaintiff's failure to file within the prescribed ninety-day period has time-barred her claim.

Accordingly, it is ORDERED, ADJUDGED, and DECREED that Defendant's Motion be and hereby is GRANTED.