**Alexander Leon BANKS, Plaintiff,**

v.

**ROCKWELL INTERNATIONAL NORTH AMERICAN AIRCRAFT OPERATIONS, Defendant.**

No. C–2–84–1119.

United States District Court, S.D. Ohio, E.D.

Aug. 4, 1987.

---

**5.** RICO claims may also be predicated upon mail fraud or wire fraud, but neither has been

alleged here.

Donald W. Conley, Columbus, Ohio, for plaintiff.

Thomas V. Williams, Trial Atty., Columbus, Ohio (Porter, Wright, Morris & Arthur, of counsel), and Gibson, Dunn & Crutcher, Stephen E. Tallen, Wayne A. Schrader and Kathy D. Ireland, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

GRAHAM, District Judge.

### I. INTRODUCTION

This case is before the Court on defendant, Rockwell International Corporation's ("Rockwell") renewal of its motion for partial summary judgment pursuant to Fed.R. Civ.P. 56. Rockwell moves for summary judgment on the grounds that this action

was not timely filed within the ninety (90) day period from the notice of right to sue, as required by Title VII of the Civil Rights Act of 1964, codified as amended at 42 U.S.C. § 2000e–5(f)(1) (1982). Plaintiff Banks has alleged jurisdiction under Title VII and 42 U.S.C. § 1981.

On August 7, 1986, Judge Holschuh denied Rockwell's motion for partial summary judgment because the defendant "failed to produce any evidence concerning the date the right to sue notice was mailed to the address that the plaintiff had provided to the Equal Employment Opportunity Commission ("E.E.O.C."). It is undisputed that the claimant no longer resided at the address that the E.E.O.C. had for him or that he or his counsel had failed to notify the E.E.O.C. of his new address.

Rockwell in its renewed motion for partial summary judgment has attached photocopies of both sides of the envelope enclosing the September 7, 1983 right to sue letter showing that letter was returned to the E.E.O.C. on September 12. The letter was returned because the claimant had moved without leaving a forwarding address. Copies of mail receipts were also provided showing that a copy of the notice was sent to Respondent Rockwell. The authenticity of the copies of the envelope and correspondence from the E.E.O.C. has been supported by an affidavit and is not challenged by the claimant. Claimant's attorney has submitted copies of letters that he mailed to the E.E.O.C. indicating that he repeatedly requested the issuance of a right to sue letter. However, there are no affidavits in support of the authenticity of the letters as required by Rule 56. Nevertheless, the Court has considered the letters in reaching its decision. His first letter was dated August 29, 1983. That letter states:

"I have been retained to represent Mr. Leon Banks in the above referenced matter. He dual [sic] filed his charge with the Ohio Civil Rights Commission on October 29, 1982. On February 17, 1983, the O.C.R.C. entered a finding of no probable cause.

The purpose of this letter is to request the E.E.O.C. issue a right to sue letter to Mr. Banks as soon as possible.

If anything further is needed to cause the right to sue letter to issue please let me know."

There is no evidence before the Court that the E.E.O.C. ever received claimant's counsel's letter or that it was received *prior* to issuance of the September 7 right to sue letter despite his counsel's assurances in his memorandum that supporting affidavits from the E.E.O.C. would be provided. (See plaintiff's memorandum contra defendant's motion for partial summary judgment at page 2.) On January 3, 1984, claimant's counsel sent a follow-up letter to the E.E.O.C. Another follow-up letter was sent on March 12, 1984 in which claimant's counsel stated:

"I have made written requests for a right to sue letter but have not received *any* responses ...

.     .     .     .     .

"I am requesting that you cause the right to sue letter to be *reissued to Mr. Banks.* The current address for Mr. Banks is 1501 Mt. Vernon Avenue, Columbus, Ohio, 43203." (Emphasis added.)

Defendants submitted a letter from Mr. Gray of the Cleveland E.E.O.C. office as Exhibit E to their motion. In his letter to respondent Rockwell he stated:

Our records show that Mr. Banks, through his attorney, Mr. Donald W. Conley, notified us that his client did not receive the Notice of Right to Sue in the above matter issued September 7, 1983. A review of our file discloses that the material sent Mr. Banks on September 7, 1983 was returned to our office by the Post Office on September 12, 1983. Accordingly, we reissued the Notice of Right to Sue to the Charging Party on March 15, 1984.

The parties do not dispute any of the above facts.

## II. THE STANDARD FOR SUMMARY JUDGMENT

Fed.R.Civ.P. 56(c) provides:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, ——, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (emphasis in original); *Kendall v. The Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984).

■ Although summary judgment should be cautiously invoked, it is an integral part of the Federal Rules which are designed "to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett,* 477 U.S. 317, at ——, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (quoting Fed.R.Civ.P. 1). *Anderson,* 477 U.S. at ——, 106 S.Ct. at 2511.

In a motion for summary judgment, the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970) (footnote omitted); *accord, Adams v. Union Carbide Corp.,* 737 F.2d 1453, 1455–56 (6th Cir.1984), *cert. denied,* 469 U.S. 1062, 105 S.Ct. 545, 83 L.Ed.2d 432 (1985).

The Court has carefully considered the briefs, affidavits, depositions and other material filed in support of and in opposition to the *motion* and finds that there are no genuine issues of material fact and that the defendant is entitled to summary judgment.

## III. LAW AND DISCUSSION

The ninety day limit in which to file is not jurisdictional but rather is akin to a statute of limitations which is subject to equitable tolling. *Crown Cork and Seal Co. v. Parker,* 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983); *Brown v. Mead Corp.,* 646 F.2d 1163 (6th Cir.1981). The issue in this case is whether the claimant's counsel's two unanswered letters to the E.E.O.C. and the failure of the E.E.O.C. to send a copy of the September 7, 1983 letter to claimant's counsel is sufficient to toll the running of the statute of limitations and excuses the failure of the claimant and/or his counsel to keep the E.E.O.C. informed of the claimant's correct address as is required by the applicable regulations.

■ In *Trinkle v. Bell Litho, Inc.,* 627 F.Supp. 764 (N.D.Ill.1986), the court divided the problems with notice of right to sue into three categories. If the right to sue letter has been sent to the proper residence but has been signed for by someone else, the ninety day period in which to sue starts to run on the date that the letter is delivered.

When the ninety day limitation was held to be jurisdictional rather than a statute of limitations subject to tolling, receipt was held to occur only when the claimant actually received the notice letter. *Archie v. Chicago Truck Drivers Union,* 585 F.2d 210 (7th Cir.1978); *Franks v. Bowman Transportation Co.,* 495 F.2d 398 (5th Cir. 1974), *rev'd on other grounds,* 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976). In *Archie,* the claimant's wife waited ten days to deliver the notice to her husband while in *Franks* the claimant's nephew received and subsequently lost the notice letter.

More recent cases have analyzed the factual situations differently. In *Espinoza v. Missouri R. Co.,* 754 F.2d 1247 (5th Cir. 1985), with facts identical to *Archie,* the Fifth Circuit held that notice is given as required by the language of the statute and the statutory ninety days starts to run "on the date that notice is received at the address supplied to the E.E.O.C. by the claimant." *Id.,* at 1249. Effective notice

can be made on the claimant's attorney or the claimant. *Id.* If the claimant has moved, he is nevertheless bound by his neglect to notify the E.E.O.C. of his change of address. *St. Louis v. Alverno College,* 744 F.2d 1314 (7th Cir.1984); *Hibbard v. Don Love, Inc.,* 584 F.Supp. 2 (D.C.Tex. 1984); *Ringgold v. National Maintenance Corp.,* 796 F.2d 769 (5th Cir.1986).

Receipt has been held to include actual notice of the information that a right to sue letter had been issued, rather than receipt of the letter. The Sixth Circuit affirmed the granting of summary judgment in the case of *Cook v. Providence Hospital,* 820 F.2d 176 (6th Cir.1987), wherein there was a factual dispute as to whether the claimant actually received the right to sue letter; however, there was no dispute that the claimant had actual knowledge, for the one year prior to suit, that the E.E.O.C. had given her the right to sue. The ninety day period was found to start from the date of claimant's actual knowledge.

■ The second category is constructive notice which occurs when the claimant's attorney has received a copy of the right to sue letter. Constructive notice is not favored under Title VII, but the danger that a person will remain ignorant of his rights is "not present when the third party is the claimant's attorney, the individual in charge of proceeding with the litigation and aware, perhaps more aware than the claimant, of the importance of such notice." *Jones v. Madison Service Corp.,* 744 F.2d 1309, 1312 (7th Cir.1984). Knowledge of the importance of keeping the E.E.O.C. notified of the correct address for the claimant can also be imputed to counsel. Constructive receipt applies when facts indicate that: (1) the attorney does indeed represent the claimant, (2) the E.E.O.C. was notified of representation by the claimant or the attorney, (3) the attorney did in fact receive notice and (4) there is no dispute regarding the date of receipt. If any of these facts are in question, then there must be an evidentiary hearing. However, if there is no question regarding the above facts, then a claimant's claim is barred if the attorney receives notice and the suit is not filed within ninety days. If the claimant receives no notice or later notice he is bound by the notice given to his attorney. *Jones,* 744 F.2d at 1314.

There is no evidence in the record that the E.E.O.C. received the letter of representation from claimant's counsel prior to issuance of the right to sue letter. His letters to E.E.O.C. do not request that copies be sent to him. *Compare, Gonzales v. Stanford Applied Engineering,* 597 F.2d 1298 (7th Cir.1979); *Minor v. Lakeview Hospital,* 421 F.Supp. 485 (D.C.Wisc.1976). In both *Gonzales* and *Minor,* the claimant's attorney had specifically requested that a copy of the right to sue letter be sent to him rather than the claimant and the ninety days in which to sue was held to run from the date of notice to the attorney.

■ The claimant argues that under the regulations, the E.E.O.C. should have automatically notified his attorney and that he should not be held accountable for either his or his attorney's failure to notify the E.E.O.C. of the claimant's change of address. Claimant fails to cite any statutes or regulations that require automatic notification of counsel. The Court's reading of the regulations do not support this interpretation.

The term "person", as used in Title VII statutory language, includes "legal representatives." 42 U.S.C. § 2000e(a). The regulations provide that a "person" may file charges on behalf of a person claiming to be aggrieved and the written charge need not identify by name the aggrieved person; however, "The person making the charge *must* provide the commission with the name, address and the telephone number of the person on whose behalf the charge is made." (Emphasis added.) 29 C.F.R. § 1601.11(a). Sub-section (b) of § 1601.11 *requires* the *aggrieved person* to keep the commission informed of any change of address. Furthermore, "A charge filed by or on behalf of a person claiming to be aggrieved may be withdrawn only by the person claiming to be aggrieved and only with the consent of the Commissioner...." 29 C.F.R. § 1601.10. (Emphasis added.)

■ Section 1601.28 sets out the procedure and authority concerning the institution of a civil action. Nowhere in that regulation is the E.E.O.C. required to mail copies of the right to sue notice to an attorney although it is common practice to do so if the E.E.O.C. has been effectively notified that the aggrieved person is represented. Copies of the notice letter typically are mailed to counsel and this fact is noted on the letter. *Jones, supra.*

The applicable regulation states:

§ 1601.28. Notice of right to sue: Procedure and authority

(a) Issuance of notice of right to sue upon request. (1) When a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued ..., the Commission shall promptly issue such notice as described in § 1601.28(e) to all *parties* at any time after the expiration of one hundred eighty (180) days from the date of filing of the charge with the Commission....

(2) When a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued, ... The Commission may issue such notice as described in § 1601.28(e) with copies to all *parties*, at any time prior to the expiration of 180 days from the date of filing the charge with the Commission ...

(3) Issuance of a notice of right to sue shall terminate further proceeding of any charge ...

(4) The issuance of a notice of right to sue does not preclude the Commission from offering such assistance to a person issued such notice as the Commission deems necessary or appropriate. (Emphasis added.)

The term "party" is not defined in the definitions applicable to Title VII actions. 42 U.S.C. § 2000e(a). Therefore, the Court gives "party" its everyday legal meaning. " 'Party' is a technical word having a precise meaning in legal parlance; it refers to those by or against whom a legal suit is brought, ... the party plaintiff or defendant." *Golatte v. Mathews,* 394 F.Supp. 1203, 1207 (D.C.Ala.1975).

■ This Court's reading of the regulations indicate that it is the aggrieved person, i.e. the claimant, to whom the E.E.O.C. is obligated to issue a notice of right to sue. If the claimant has an attorney, it is his duty to ascertain that his client is in conformity with the regulations; that is, his client's current address is registered with the E.E.O.C. Failure to serve notice on claimant's attorney does not relieve claimant of the result of his failure to notify the E.E.O.C. of a change of address.

■ This Court has found no cases which hold that once counsel makes an appearance on the part of a claimant that the claimant is relieved of his obligation under 29 C.F.R. § 1601.7(b) to keep the E.E.O.C. informed of his address. If an attorney is formally designated as counsel, then notice to the attorney is imputed to the claimant. It is also reasonable to impute knowledge of claimant's obligations to his attorney. *Jones, supra; Ringgold v. National Maintenance Corp., supra; Josiah-Faeduwor v. Communications Satellite Corp.,* 785 F.2d 344 (D.C.D.C.1986). Notice has even been imputed to a claimant when notice was mailed to a former attorney. *Polisoto v. Weinberger,* 638 F.Supp. 1353 (W.D.Tex.1986). In all these cases the original of the right to sue letter was sent to the claimant with a copy to the attorney.

■ The third category set out in *Trinkle, supra,* is where there is some other reason why the claimant did not receive notice, known as the "fault test". It is under this category that Judge Holschuh analyzed the failure of the claimant in this case to receive notice. The claimant was held to be at "fault" for failing to notify the E.E.O.C. that he had moved and that he had a new address. Judge Holschuh followed the reasoning in *Hunter v. Stephenson Roofing, Inc.,* 790 F.2d 472 (6th Cir. 1986) which holds that the ninety day period for filing starts running five days after the date that the E.E.O.C. mailed the right to sue letter. In *Hunter,* the court stated, "We choose the date when notice is mailed

to a claimant who has moved and has not notified the E.E.O.C. of a change of address because any other date would be very difficult to determine and would depend upon a variety of circumstances." *Hunter, supra,* n. 6 at 475. In the present case, the ninety day period started running on September 12, 1983, which is five days from the date that the right to sue letter was mailed to claimant.

The concept of equitable tolling does not apply to the facts at bar. In *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam) the court listed some of the situations in which equitable tolling of the ninety day period may be justified:

> This is not a case in which a claimant has received inadequate notice, see *Gates v. Georgia-Pacific Corp.,* 492 F.2d 292 (CA9 1974); or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, see *Harris v. Walgreen's Distribution Center,* 456 F.2d 588 (CA6 1972); or where the court has led the plaintiff to believe that she had done everything required of her, see *Carlile v. South Routt School District RE 3-J,* 652 F.2d 981 (CA10 1981). Nor is this a case where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction. See *Villasenor v. Lockheed Aircraft Corp.,* 640 F.2d 207 (CA9 1981); *Wilkerson v. Siegfried Insurance Agency, Inc.,* 621 F.2d 1042 (CA10 1980); *Leake v. University of Cincinnati,* 605 F.2d 255 (CA6 1979). The simple fact is that Brown was told three times what she must do to preserve her claim, and she did not do it. *One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.* (Emphasis added.)

*Baldwin,* 466 U.S. at 151, 104 S.Ct. at 1725.

Ms. Brown had filed her notice of right to sue letter in district court within the ninety day period and had asked for appointment of counsel. However, since the notice alone is not a sufficient complaint under Fed.R.Civ.P. 8, Claimant Brown was directed to cure the defect prior to the expiration of the ninety day filing period mandated by 42 U.S.C. § 2000e–5(f)(1). She failed to do so and the Supreme Court upheld the district court's dismissal of her suit for lack of jurisdiction.

■ In conclusion, the undisputed facts before the Court establish that the ninety day period for filing a suit in federal court started to run five days after September 7, 1983, the date the E.E.O.C. mailed the right to sue letter to the claimant at the last address he had given the E.E.O.C. The fact that claimant's attorney wrote letters which were never acknowledged by the E.E.O.C. is insufficient to establish equitable tolling. The filing of the claimant's complaint under Title VII is untimely. The defendants are GRANTED summary judgment on this issue.

## IV. SECTION 1981 CLAIMS

The claimant also alleges jurisdiction under 42 U.S.C. § 1981. There is no current motion to dismiss pending before the Court with regard to his § 1981 claims. However, it is well established that a district court can *sua sponte* dismiss a complaint for failure to state a claim upon which relief can be granted. *Wong v. Bell,* 642 F.2d 359 (9th Cir.1981); *Tamari v. Bache Co., (Lebanon) S.A.L.,* 565 F.2d 1194 (7th Cir.1977); *Leonhard v. United States,* 633 F.2d 599 (2d Cir.1980).

■ The defendants raise the defense of the statute of limitations in their answer. The facts complained of in the complaint occurred in 1982. Claimant's complaint was filed on June 7, 1984. In the recent Sixth Circuit case of *Demery v. The City of Youngstown,* 818 F.2d 1257 (6th Cir.1987), the Court of Appeals held that the one year statute of limitations of Ohio Rev.Code § 2305.11 is the appropriate statute of limitations for § 1981 actions just as it is the applicable statute for § 1983 actions. *Mulligan v. Hazard,* 777 F.2d 340 (6th Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 2902, 90 L.Ed.2d 988 (1986). The *Demery* court held that the one year statute of limitations is to be retroactively applied to pending § 1981 suits.

Therefore, claimant is Ordered to show cause within ten (10) days of the date of this Order why his § 1981 claims should not be dismissed because they are barred by the statute of limitations. *Tingler v. Marshall,* 716 F.2d 1109 (6th Cir.1983).

The clerk is directed to enter partial summary judgment in favor of the defendants on the claimant's Title VII claims.

It is so ORDERED.