**Howard SPARKS, Plaintiff,**

v.

**GOODYEAR ATOMIC CORP., et al., Defendants.**

**No. C2–87–1346.**

United States District Court, S.D. Ohio, E.D.

June 7, 1991.

John Winslow Thatcher, Portsmouth, Ohio, for plaintiff.

Jonathan Ross Vaughn, Columbus, Ohio, for defendants Goodyear Atomic Corp. and Martin–Marietta.

John Robert Doll, Dayton, Ohio, for defendants Local 3–689 Oil Chemical and Atomic Worker's Intern. Union.

## OPINION AND ORDER

GEORGE C. SMITH, District Judge.

This case was first filed in the Common Pleas Court of Pike County, Ohio, by Howard Sparks on September 30, 1987. It was properly removed to this Court by virtue of federal question jurisdiction. On October 3, 1988, a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure was filed by defendants Goodyear Atomic Corporation ("Goodyear") and Martin Marietta, and a separate motion for summary judgment was filed by defendant, Oil, Chemical and Atomic Workers International Union Affiliated Local No. 3–689 ("Union").

Plaintiff filed a memorandum contra motion for summary judgment on November 8, 1988, to which all moving defendants had replied by November 23, 1988. After an unsuccessful settlement conference, this Court granted leave on November 9, 1990, for all parties to submit new motions and accompanying memoranda on this matter. Plaintiff submitted an additional memorandum, exhibits and affidavit on November 27, 1990, to which all defendants had re-

plied by December 5, 1990. This Court is now prepared to rule on the motions for summary judgment.

## FACTS

Plaintiff is a member, inactive status, of the Union. On or about November 30, 1985, plaintiff received a notice of layoff from his employer, Goodyear. (Since that time, Goodyear has become Martin–Marietta. Both companies are named defendants and any reference to one necessarily incorporates the other.)

Plaintiff alleges that at the time of receiving such notification, he had more seniority than others in his department, and at Goodyear, who were retained as employees not on layoff. Plaintiff further alleges that he filed a grievance with the Union, which he contends was wilfully, wantonly, wrongfully, and maliciously refused and/or failed to be processed. He claims this to be a breach of the Union's duty of fair representation. Plaintiff further claims that his layoff was the breach of a collective bargaining agreement between Goodyear and the Union.

Defendants have presented three reasons by which they feel summary judgment must be granted. First, they contend that the plaintiff's claim arises and operates under federal labor law, and, as such, is barred by a six month statute of limitations. Second, defendants assert that plaintiff's action must be dismissed because he has failed to exhaust his contractual grievance and arbitration remedies. Finally, defendants suggest that summary judgment should be granted because plaintiff's case simply fails on the merits.

## STANDARD OF REVIEW

In considering this motion, the Court is mindful that the standard for summary judgment "mirrors the standard for a directed verdict under [Rule 50(a)], which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) citing *Brady v. Southern Ry. Co.,* 320 U.S. 476, 479–480, 64 S.Ct. 232, 234–235, 88 L.Ed. 239 (1943). Thus, the Supreme Court concluded in *Anderson* that a judge considering a motion for summary judgment must "ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair minded jury could return a verdict for the plaintiff on the evidence presented." 477 U.S. at 252.

Rule 56(c) of the Federal Rules of Civil Procedure provides in pertinent part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In essence, the inquiry is whether the evidence presented a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512.

Such an inquiry necessarily implicates the evidentiary standard of proof that would apply at the trial on the merits. As a result, the Court must view the evidence presented through the prism of the substantive evidentiary burden. Rule 56(e) therefore requires that the nonmoving party go beyond the pleadings and by their own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552.

In *Banks v. Rockwell International N. Am. Aircraft Operations,* 666 F.Supp. 1053 (S.D. Ohio 1987) (J. Graham), this dis-

trict enunciated the importance of granting summary judgments in appropriate situations by stating that: "Although summary judgment should be cautiously invoked, it is an integral part of the Federal Rules which are designed to secure the just, speedy and inexpensive determination of every action." *citing, Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 1); *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.

■ Thus, the mere existence of a scintilla of evidence in support of a plaintiff's claim is insufficient—there must be evidence upon which a jury could reasonably find for the plaintiff. Having discussed the Rule 56 standard of review, the Court now turns to the merits.

## LAW AND ANALYSIS

■ Defendants correctly point out that this case is a hybrid § 301/fair representation claim, analogous to that discussed in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). In that case, the Supreme Court held that the applicable statute of limitations is six months, both against the employer and against the union. *Id.* at 155, 103 S.Ct. at 2285.

Plaintiff alleges that the statute of limitations does not begin to run until May of 1987, when he became aware that his grievance had been withdrawn. If this is true, then the filing of the complaint on September 30, 1987, was timely. However, defendants correctly suggest that the statute of limitations actually began to run much earlier.

The "Discovery" doctrine dictates that a Section 301 action accrues no later than the time plaintiff "discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Adkins v. International Union of Electrical, Radio and Machine Workers, AFL–CIO–CLC*, 769 F.2d 330 (6th Cir. 1985). In this case, plaintiff admits in deposition that he knew of no other grievance, except his own, which took longer than six months to go from initiation to completion. (Deposition of Howard Sparks, pages 114–

115). Plaintiff also admits that he served as Union steward "off and on" from about 1976 to 1984 and was, therefore, actively involved and familiar with the grievance procedures. (Sparks Depo. pp. 81–87.) Plaintiff filed his grievance in November of 1985. Reasonable diligence, construed most liberally, allows the plaintiff a full year to discover that his grievance would not be taken to arbitration, thus granting the Union twice the time of any other grievance known to the plaintiff. In fact, the Union's decision was made in January of 1986. Even if the claim did not accrue until November of 1986, the six month statute of limitations would run out in May of 1987, and the complaint filed in September of 1978 would be time-barred.

In a hybrid Section 301 claim, it is proper to consider that a claim accrues against a company defendant at the same time it accrues against a union defendant, since the predicates for the entire action is that the union breached its duty of fair representation. *Adkins v. General Motors Corp.*, 573 F.Supp. 1188, 1192 (S.D. Ohio 1983). Hence, the claims against *all* defendants in this case are time-barred.

■ The merits of this case relate to the alleged breach of the duty of fair representation of the Union and the alleged breach of contract by the company. Defendants correctly point out that, while, as a formal matter, this suit comprises two causes of action "[y]et the two claims are inextricably interdependent. 'To prevail against either the company or the Union, ... [employee-plaintiffs] must not only show that their discharge is contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union.' The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both." *DelCostello*, 462 U.S. at 165, 103 S.Ct. at 2291, quoting *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976). In this case, the plaintiff has presented no evidence to show that the duty of fair representation was breached. Paragraph 7 of the complaint states that

the Union "wilfully, wantonly, wrongfully, and maliciously refused and/or failed to process the aforementioned grievance." Specifically, said grievances were, without the knowledge and consent of plaintiff, withdrawn by the [Union] and/or [Goodyear] at a time specifically unknown to plaintiff." Defendants correctly point out that these are bald conclusory allegations without one scintilla of evidence offered in support. Plaintiff admits the possibility that his individual grievance might have been combined with others to form a general grievance. There is no indication that this general grievance was treated in any way contrary to the procedures contained in the collective bargaining agreement. While the Union may not arbitrarily ignore a meritorious grievance, an individual employee does not have an absolute right to have his grievance taken to arbitration. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Absent any evidence that the Union acted arbitrarily, discriminatorily or in bad faith, there can be no breach of the duty of fair representation. *Id.* at 190, 87 S.Ct. at 916. In this case, no such evidence has been produced either in the complaint or through the deposition of the plaintiff, so the claims against all defendants must fail.

Because this Court has found reason to grant summary judgment on two counts, it is not necessary to discuss the defendants third contention that plaintiff has failed to exhaust his contractual remedies. Based on the foregoing analysis, this Court concludes that there are no genuine issues of material fact sufficient to resist defendants' motions for summary judgment. Accordingly, defendants' motions are GRANTED.

IT IS SO ORDERED.