**M.L. NOE, Administrator of the Ohio Operating Engineers Health and Welfare Plan, Ohio Operating Engineers Pension Fund, Ohio Operating Engineers Apprenticeship Fund, and Ohio Operating Engineers Education and Safety Fund; and Trustees of the Ohio Operating Engineers Health and Welfare Plan, Ohio Operating Engineers Pension Fund, Ohio Operating Engineers Apprenticeship Fund, and Ohio Operating Engineers Education and Safety Fund, Plaintiffs,**

v.

**R.D. JONES, EXCAVATING, INC., Defendant.**

No. C2–91–230.

United States District Court, S.D. Ohio, E.D.

March 10, 1992.

Lowell B. Howard, Jr., Jonathan Ross Vaughn, Columbus, Ohio, for plaintiffs.

Daniel Russell Volkema, Columbus, Ohio, for defendant.

## OPINION AND ORDER

GEORGE C. SMITH, District Judge.

This matter is before the court upon the Plaintiffs' motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. On December 2, 1991, the Defendant, R.D. Jones Excavating, Inc. filed a memorandum contra to which the Plaintiffs filed a reply.

### FACTS

On March 26, 1991, the Plaintiffs, M. L. Noe, Administrator and the Trustees for the Ohio Operating Engineers Health and Welfare Plan, Ohio Operating Engineers Pension Fund and Ohio Operating Engineers Apprenticeship Fund (Fringe Benefit Funds) brought this action against the Defendant, R.D. Jones Excavating, Inc., alleging violation of the terms and provisions of a collective bargaining agreement, trust agreements and employee benefit plans. The Plaintiffs are the administrator and the trustees of jointly administered multi-employer fringe benefit programs established for the benefit of employees of Ohio contractors who perform work within the trade jurisdiction of the International Union of Operating Engineers, Local Nos. 18, 18A, and 18B. The Defendant is an Ohio contractor which entered into an agreement to make fringe benefit contributions to the trustees on behalf of its employees. Jurisdiction is based upon 29 U.S.C. § 1132(e)(2).

On June 1, 1990, the Defendant entered into a collective bargaining agreement by which it agreed to make contributions to the trust funds on behalf of its employees who perform work within the trade jurisdiction of the Ohio Operating Engineers Union. As part of this agreement between the Plaintiff and the Defendant, a representative of the trust funds has the right to conduct an audit of the payroll books and records of the defendant to determine that it is in compliance with the contract agreement. The Plaintiffs state that the audit shows that the Defendant did not make the fringe benefit contributions it was obligated to make on behalf of the Union. As a result of the audit report, the Plaintiffs

contend that the Defendant currently owes delinquent payments to the trust funds. The Plaintiffs also argue that after the Defendant incurred the contract obligations, it also had a statutory duty to make fringe benefit contributions under 29 U.S.C. § 1145 of the Employee Retirement Income Security Act (ERISA).

As a result of the contractual and statutory obligations to contribute to the trust funds, the Plaintiffs filed a motion for summary judgment on October 1, 1991, which stated that there is no issue of material fact and that the Plaintiffs are entitled to judgment in their favor as a matter of law. The relief sought by the Plaintiffs consists of $12,888.72 in favor of the Trustees of the Ohio Operating Engineers Health and Welfare Plan; $11,934.00 in favor of the Trustees of the Ohio Operating Engineers Pension Fund; and $1,491.79 in favor of the Trustees of the Ohio Operating Engineers Apprenticeship Fund. In addition, the Plaintiffs demand interest in the amount of $4,204.74 which accumulates at 18% per annum, interest of a like amount as provided for in 29 U.S.C. § 1132(g) and all costs of collection, including reasonable attorney fees in the amount of $1,500.00 and court costs of $120.00.

On December 2, 1991, the Defendant filed a response to the Plaintiff's motion for summary judgment. The Defendant states that the motion should not be granted because there is a dispute as to the Defendant's contractual obligation to make contributions to the trust funds and alleges that the contract was induced by fraud. R.D. Jones Excavating, Inc. contends that it was enticed to enter into the contract as a result of promises made by Charles W. Scherer, a union representative. According to Randy Jones, president of the Defendant corporation, Scherer indicated that the Union would provide contacts to assist him in gaining work and as a result of the additional work, the expenses of the union fund payments would be covered. The Defendant states that it did not receive the promised contacts or additional work as a direct result of the collective bargaining contract with the Union. Therefore, the Defendant argues, the conduct of the union

representative creates a defense in this matter since a contract obtained by fraud in the inducement is invalid.

The Defendant also contends in its response to the Plaintiff's motion for summary judgment that there exists an issue of material fact concerning the amount of damages computed by the Plaintiff. The Defendant filed affidavits from its employees indicating that there is a material dispute of fact regarding the hours and duties of the employees and whether they were within the scope of the contract agreement.

The Plaintiffs filed a reply memorandum in support of the motion for summary judgment on December 13, 1991. The Plaintiffs argue that fraud in the inducement is not a valid defense in an action to recover delinquent fringe benefit contributions under ERISA and therefore, no dispute exists as to the contractual obligation of the Defendant to make contributions to the trust funds on behalf of its employees. In addition, the Plaintiffs argue that the Defendant's affidavits regarding the hours worked by the employees do not create a genuine issue of fact because the Defendant was obligated to contribute to the Fringe Benefit Funds for all the hours worked by its employees whether or not all of their duties were within the scope of the Union collective bargaining agreement. The Plaintiffs also argue that the general statements contained in the Defendant's affidavits regarding the hours worked by the employees do not specifically contradict the Plaintiffs' audit report and thus do not create an issue of material fact.

## STANDARD OF REVIEW

In considering this motion, the Court is mindful that the standard for summary judgment "mirrors the standard for a directed verdict under [Rule 50(a)], which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citing *Brady v. Southern Ry. Co.*, 320 U.S. 476, 479–80, 64 S.Ct.

232, 234–35, 88 L.Ed. 239 (1943)). Thus, the Supreme Court concluded in *Anderson* that a judge considering a motion for summary judgment must "ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair minded jury could return a verdict for the plaintiff on the evidence presented." 477 U.S. at 252, 106 S.Ct. at 2512.

Rule 56(c) of the Federal Rules of Civil Procedure provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In essence, the inquiry is whether the evidence presented a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 251–52, 106 S.Ct. at 2511–12.

Such an inquiry necessarily implicates the evidentiary standard of proof that would apply at the trial on the merits. As a result, the Court must view the evidence presented through the prism of the substantive evidentiary burden. Rule 56(e) therefore "requires the nonmoving party to go beyond the pleadings and by their own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file', designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial". *Id.* at 322, 106 S.Ct. at 2552.

In *Banks v. Rockwell International N. Am. Aircraft Operations*, 666 F.Supp. 1053 (S.D.Ohio 1987) (Graham, J.), this district enunciated the importance of granting summary judgments in appropriate situations by stating as follows: "Although summary judgment should be cautiously invoked, it is an integral part of the Federal Rules which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id.* at 1056 (citing *Celotex Corp. v. Catrett*, 477 U.S. at 327, 106 S.Ct. at 2555, (quoting Fed.R.Civ.P. 1); *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.

■ Thus, the mere existence of a scintilla of evidence in support of a plaintiff's claim is insufficient—there must be evidence upon which a jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. Having discussed the Rule 56 standard of review, the Court now turns to the merits.

## LAW AND ANALYSIS

The Defendant submits that summary judgment is not proper because two issues of material fact exist.

■ The first issue goes to whether the contractual obligation to contribute to the trust funds was induced by fraud. Under Ohio contract law, fraudulent inducement renders the contract voidable at the election of the defrauded party. *Prudential Insurance Co. of America v. Carr*, 30 Ohio Op.2d 373, 94 Ohio Law Abs. 385, 199 N.E.2d 412 (1964). Therefore, the Defendant contends that it has an affirmative defense for its failure to contribute to the trust funds in accordance with the collective bargaining agreement.

The second issue raised by the Defendant involves the dispute between the Plaintiffs' audit report and the Defendant's employee affidavits regarding the hours worked and the duties performed by the employees. The Defendant contends that the employees were not within the scope of the collective bargaining agreement for the entire time they worked, thus creating a genuine issue of fact with respect to the damages calculated by the Plaintiffs.

■ The court must first make a determination as to the application of state law or federal law in the instant matter. The

agreement by the Defendant to contribute to the Fringe Benefit Funds on behalf of its Union employees is an employee benefit plan and thus is subject to and governed by the Employee Retirement Income Security Act (ERISA), which preempts state law and mandates the application of the federal rules of decision. *In re White Farm Equipment*, 788 F.2d 1186 (6th Cir.1986). ERISA preempts state law by providing that the statute "shall supersede any and all State laws insofar as they may now and hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Therefore, in determining whether the Defendant raises a genuine issue of fact regarding his obligation to contribute to the Fringe Benefit Funds and the amount of damages owing to the Plaintiffs if the court finds such an obligation, the federal statute is controlling.

■ The issue of the Defendant's obligation to contribute to the Fringe Benefit Funds sounds in contract law. The trust funds, as third party beneficiaries to the collective bargaining agreement between the employer and the Union, are subject to the same contract defenses available against the contracting parties themselves. Thus, the Defendant's affirmative defense of fraud in the inducement would raise a genuine issue of fact as to the Defendant's obligation to contribute to the Fringe Benefit Funds. However, in suits brought under ERISA, traditional contract law does not apply in full force. *Southern California Retail Clerks Union v. Bjorklund*, 728 F.2d 1262 (9th Cir.1984).

In *Central States S.E. & S.W. v. Gerber Truck*, the court addressed the validity of contract formation defenses under ERISA in actions initiated by the trustees of employee benefit plans. 870 F.2d 1148 (7th Cir.1989). The court held that the defense of fraud in the inducement is not available as a defense to an action by employee benefit fund trustees to collect delinquent contributions. The court based its holding on the national public policy taken into consideration by Congress when it passed the multi-employer amendments to ERISA

in 1980. The amendment governing this action is 29 U.S.C. § 1145 which states:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

Prior to these amendments, pension fund trustees had difficulty in collecting contributions from the employers and were forced to incur heavy costs in collection and litigation which depleted the amount of the trust funds to the detriment of the employees entitled to the benefits. Multi-employer benefit plans are defined-contribution in, defined-benefit out, so the level of benefits promised to the employees must be paid even if the expected contributions are not received from the employers. If some employers do not contribute according to the amount promised in the collective bargaining agreement, other employers must compensate by paying in higher contributions or the employees will receive lesser benefits.

Since costs of litigation to recover the agreed contribution amounts must come from these same funds, the purpose of the 1980 multi-employer amendments was to correct these collection problems by substantially increasing the cost of failing to make the required contributions. *Central States, Southeast and Southwest Areas Pension Fund v. Alco Express Company*, 522 F.Supp. 919 (E.D.Mich.1981). By limiting the defenses available to the employers in delinquent contribution actions, the pension fund trustees are able to receive the amount of contributions agreed upon in the collective bargaining agreement, regardless of any defect in the formation of the contract between the employer and the union. Therefore, under the 1980 amendments to ERISA, if an employer raises a defense to its obligation to contribute based upon a defect in the formation of the agreement, it remains obligated to its promise to pay the employee benefit plan trustees. Fraud in the inducement, which is a contract formation defense, is not a

valid defense to the pension fund trustees' suit to recover delinquent contributions from. an employer under a contract obligation. *Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769 (9th Cir. 1986) *cert. denied*, 479 U.S. 1065, 107 S.Ct. 951, 93 L.Ed.2d 999 (1987); *Trustees of Laborers Local Union #800 Health and Welfare Trust Fund v. Pump House, Inc.*, 821 F.2d 566 (11th Cir.1987); *Bricklayers' Pension Trust Fund–Metro v. Chirco*, 675 F.Supp. 1083 (E.D.Mich.1987).

Recognizing that fraud in the inducement is not a valid defense to an ERISA action brought by the pension fund trustees for delinquent contributions, and since the employee benefit plan at issue is governed by ERISA, the Defendant's allegation of fraudulent inducement by the Union representative does not create a genuine issue of fact. Thus, there is not sufficient evidence upon which a jury could reasonably find for the Defendant. Therefore, as to its contractual and statutory obligation to contribute to the Fringe Benefit Funds, Plaintiff's motion for summary judgment is well taken and hereby GRANTED.

■ The Court shall now address the Defendant's obligation to contribute for all of the hours worked by those employees splitting their time between work covered by the collective bargaining agreement and work not covered by the agreement. The Defendant submitted affidavits from four of its employees indicating how much of their total work time was spent operating equipment, supervising jobs, or performing labor from July 1, 1990 through December 31, 1990. The collective bargaining agreement states that it covers operating equipment and therefore the Defendant makes a fairness argument, contending that it is only obligated to contribute to the Fringe Benefit Funds based upon the time its employees spent operating equipment.

The determination of the amount of the employer's obligation to contribute to the trust funds when the employees split their time between work covered and work not covered by the collective bargaining agreement is an issue of first impression in this court and the United States Court of Appeals for the Sixth Circuit. However, in *Waggoner v. C & D Pipeline Co.*, the United States Court of Appeals for the Ninth Circuit interpreted a master labor agreement, in which the defendant employer was obligated to contribute to the pension trust funds on behalf of its employees in the local chapter of the International Union of Operating Engineers. 601 F.2d 456 (9th Cir.1979). The employer argued that it was only obligated to contribute to the funds for the time that the employees spent performing operating engineer tasks which did not include time the employees spent in a managerial capacity not include time the employees spent in a managerial capacity because it was not specifically included in the collective bargaining agreement. The court held that the proper interpretation of the master labor agreement required the employer to contribute for all the hours the employees worked if any of their time was spent on work covered by the collective bargaining agreement. The rationale requiring the employer to contribute to the trust funds for all the hours worked by an employee covered by the agreement is one easing the burden of collection on the trustees. Thus, the trustees are able to rely on the payroll records of the employer to determine if the contributions are being properly made by the employer.

In *Operating Engineers Pension Trust v. A–C Co.*, the Ninth Circuit held that an employee who works full time is presumed conclusively to have worked a minimum of 40 hours a week performing a portion of work covered by the collective bargaining agreement, even though the employee may have been performing duties not covered by the agreement. 859 F.2d 1336 (9th Cir. 1988). In *Waggoner v. Dallaire*, upon reviewing several of its previous decisions on this issue, the Ninth Circuit stated that an employer must contribute for all the hours an employee works if he splits his time between work covered by the collective bargaining agreement and work not so covered. 649 F.2d 1362 (9th Cir.1981).

The instant matter is substantially similar to those cases considered by the Ninth

Circuit. Each involved a collective bargaining agreement in which the employer was required to contribute to trust funds on behalf of its union employees. Further, the employees split their time between operating equipment which was specifically covered by the collective bargaining agreement and performing other general and supervisory assignments which were not included in the agreement.

ERISA dictates a resolution that provides for the simplification of collection procedures for the trustees of fringe benefit funds in order to protect the funds from unnecessary collection costs. Interpreting collective bargaining agreements in a uniform manner is an effective way to lessen the burdens on the trustees. *Kemmis v. McGoldrick*, 706 F.2d 993 (9th Cir.1983). Determining the amount of an employer's obligation based upon the total hours worked by an employee covered under a collective bargaining agreement is consistent with this policy concern given that the amount of the contribution obligation can easily be determined by simply examining the employer's payroll records.

Although the court recognizes the fairness argument set forth by the Defendant, the Ninth Circuit position is adopted as controlling. Therefore, the Defendant is obligated to contribute to the Fringe Benefit Funds based upon all the hours worked by the employees, no matter the totality of their assignments.

Section 1132(g)(2) of ERISA provides the following:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and,

(E) such other legal or equitable relief as the court deems appropriate.

Therefore, pursuant to the governing provisions of ERISA, the Plaintiffs are entitled to delinquent contributions in the amounts of $12,888.72 in favor of the Ohio Operating Engineers Health and Welfare Plan, $11,934.00 in favor of the Trustees of the Ohio Operating Engineers Pension Fund and $1,491.79 in favor of the Trustees of the Ohio Operating Engineers Apprenticeship Fund. In addition, the Plaintiffs are entitled to interest in the amount of $4,204.74 which accumulates at 18% per annum, calculated to be $12.98 per day for every day after October 15, 1991 in which a delinquency exists, interest of a like amount as provided for in 29 U.S.C. § 1132(g), all costs of collection including reasonable attorney fees of $1,500.00 and court costs of $120.00.

## CONCLUSION

Fraud in the inducement, as a contract formation defense, is not available under ERISA to alter the Defendant's contractual and statutory obligation to contribute to the Fringe Benefit Funds. The Defendant therefore retains its obligation to contribute to the Fringe Benefit Funds in accordance with the collective bargaining agreement of June 1, 1990.

Recognizing the need to simplify the collection procedures available to the trustees of an employee benefit plan governed by ERISA, the amount of the Defendant's obligation to the Fringe Benefit Funds is based upon the total number of hours worked by the employees covered by the collective bargaining agreement. It is immaterial, for purposes of calculating the contribution obligation, whether all the assignments are covered under the scope of the collective bargaining agreement.

Accordingly, the Plaintiffs' motion for summary judgment is GRANTED as to the Defendant's obligation to contribute to the Fringe Benefit Funds and as to the amount of damages owing to the Plaintiffs.

IT IS SO ORDERED.