**Stanley R. CRAIG, Plaintiff,**

v.

**COLUMBUS CITY SCHOOLS, et al., Defendants.**

**No. C2–88–1336.**

United States District Court,
S.D. Ohio, E.D.

March 14, 1991.

Stanley R. Craig, pro se.

Larry Holliday James, Columbus, Ohio, for defendants.

## OPINION AND ORDER

GEORGE C. SMITH, District Judge.

This matter is before the Court pursuant to the motion filed by the defendants on April 4, 1989, for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and venue is proper in the Southern District of Ohio, pursuant to 28 U.S.C. § 1391(b).

## FACTS

In January 1987, the Columbus Board of Education placed advertisements in the Columbus Dispatch and the New York Times soliciting proposals from real estate agents for a plan to market the Central High School property. In response to the advertisements, the plaintiff Stanley R. Craig, an African American, submitted a proposal and bid to the Columbus School Board. The plaintiff's bid called for his company,

Craig Realty Company, to market the Central High School property nationally at a total cost of $300,000.00.

The Columbus School Board received a total of five proposals including the plaintiff's. After an initial review of these five proposals, the Board rejected two as unacceptable and retained three for further study. Craig Realty's proposal was one of the two rejected. The three proposals retained for further study had all been submitted by white owned real estate companies. Ultimately the Board accepted one of these proposals which called for a total fee of $450,000.00.

Mr. Craig subsequently filed a civil rights action alleging that the Columbus Public Schools and the Columbus Board of Education had engaged in intentional racial discrimination when they rejected his company's proposal, retained only proposals submitted by white owned companies, and ultimately accepted one of these proposals calling for a fee of approximately $150,-000.00 more than his company's proposal. Mr. Craig also alleges that this discrimination is part of a continuing pattern and practice of discrimination engaged in by the defendants.

Specifically the plaintiff alleges violations of 42 U.S.C. § 1981 (deprivation of contractual rights), § 1983 (deprivation of constitutional rights under color of law), § 1985 (conspiracy to deprive of rights, privileges and immunities), and § 1986 (neglect or refusal to remedy deprivation under § 1985 with knowledge that wrongs are being committed).

## STANDARD OF REVIEW

In considering this motion, the Court is mindful that the standard for summary judgment "mirrors the standard for a directed verdict under [Rule 50(a)], which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) citing *Brady v. Southern Ry. Co.,* 320 U.S. 476, 479–480, 64 S.Ct. 232, 234–35, 88 L.Ed. 239 (1943). Thus, the Supreme Court concluded in *Anderson* that a judge considering a motion for summary judgment must "ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair minded jury could return a verdict for the plaintiff on the evidence presented." 477 U.S. at 252, 106 S.Ct. at 2512.

Rule 56(c) of the Federal Rules of Civil Procedure provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In essence, the inquiry is whether the evidence presented a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512.

Such an inquiry necessarily implicates the evidentiary standard of proof that would apply at the trial on the merits. As a result, the Court must view the evidence presented through the prism of the substantive evidentiary burden. Rule 56(e) therefore requires that the nonmoving party go beyond the pleadings and by their own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552.

In *Banks v. Rockwell International N. Am. Aircraft Operations,* 666 F.Supp. 1053 (S.D. Ohio 1987) (J. Graham), this district enunciated the importance of granting summary judgments in appropriate situations by stating that: "Although summary

judgment should be cautiously invoked, it is an integral part of the Federal Rules which are designed to secure the just, speedy and inexpensive determination of every action." *citing, Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 1); *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.

Thus, the mere existence of a scintilla of evidence in support of a plaintiff's claim is insufficient—there must be evidence upon which a jury could reasonably find for the plaintiff. Having discussed the Rule 56 standard of review, the Court now turns to the merits.

### LAW AND ANALYSIS

■ The defendants rely upon Ohio Rev. Code Ann.Ch. 2744 (Anderson 1990), the statutory adoption of sovereign immunity for political subdivisions,[1] to support their motion for summary judgment. Under § 2744.03(A)(3) a *political subdivision* is immune from liability in a civil action brought against it or its employee to recover damages for loss to persons or property allegedly caused by any act or omission in connection with a *governmental function*, if the act or omission involved was *"within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee"* (emphasis added).

Defendants correctly assert that they and their actions in rejecting the plaintiff's proposal are within the coverage of § 2744.03(A)(3). To begin, § 2744.01(F) defines a "political subdivision" to include a school district. Further, § 2744.01(C)(2)(c) defines a "governmental function" to include "[t]he provision of a system of public education." Finally, the job of selecting and rejecting proposals for a marketing plan for the Central High School property was "within the discretion of the [Colum-

bus Board of Education] with respect to policy-making, planning or enforcement powers by virtue of the duties and responsibilities of the office or position."

However, the defendants either failed to notice or chose to ignore § 2744.09, which lists actions and claims which are exempted from the coverage of Chapter 2744. In particular, § 2744.09(E), which is applicable to this case, states: "[t]his chapter does not apply to, and shall not be construed to apply to, . . . [c]ivil claims based upon alleged violations of the constitution or statutes of the United States." As the court stated in *Wohl v. Cleveland Board of Education*, 741 F.Supp. 688 (N.D. Ohio 1990), the plain meaning of § 2744.09(E) could not be more clear. Where a plaintiff brings a civil action based upon alleged violations of a federal statute against a political subdivision, Chapter 2744 does not apply.[2]

In the case at bar the plaintiff has alleged violations of several federal civil rights statutes. Therefore, defendants may not rely upon Chapter 2744 to provide them with immunity from the plaintiff's lawsuit. As a result the defendants have failed to show that they are entitled to judgment as a matter of law.

### CONCLUSION

In summary, defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 is DENIED.

IT IS SO ORDERED.

---

1. Chapter 2744 was adopted in 1985 in response to the abrogation of common law sovereign immunity for political subdivisions by the Ohio Supreme Court in *Enghauser Mfg. Co. v. Eriksson Eng'g Ltd.*, 6 Ohio St.3d 31, 451 N.E.2d 228 (1983).

2. Inasmuch as the defendants rely solely upon Ohio Rev.Code § 2744.01 *et seq.*, this Court will reserve judgment as to whether or not other defenses to an Equal Protection claim protected by the 14th Amendment may apply.