DICK, Appellant,

v.

MERILLAT, Sheriff, et al., Appellees.

[Cite as *Dick v. Merillat* (2000), 139 Ohio App.3d 716.]

Court of Appeals of Ohio,
Sixth District, Fulton County.

No. F–99–016.

Decided Sept. 1, 2000.

*Paul H. Duggan,* for appellant.

*Martin E. Goff,* for appellees.

KNEPPER, Presiding Judge.

This is an appeal from a judgment of the Fulton County Court of Common Pleas that granted summary judgment in favor of appellees and dismissed appellant's complaint. For the reasons that follow, this court reverses the judgment of the trial court.

Appellant sets forth the following assignments of error:

"I. The trial court erred in granting the motion for summary judgment of defendant-appellee pursuant to *Alden v. Maine* [(1999), 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636].

"II. The trial court erred in ruling that a court of common pleas lacks jurisdiction to hear a federal claim pursuant to the FLSA.

"III. The trial court erred in granting the motion for summary judgment of defendant-appellee pursuant to [R.C. Chapter] 2744."

The facts that are relevant to the issues raised on appeal are as follows. Appellant David Dick was a deputy sheriff with the Fulton County Sheriff's Office from 1986 until his resignation in April 1997. As a member of the sheriff's office canine unit from December 1988 until his resignation, appellant was required to take the dog assigned to him home at night to feed, groom, train, and otherwise care for the animal. In a complaint filed May 15, 1997, appellant asserted that he worked a substantial number of overtime hours caring for the dog and that the Fulton County Sheriff, David Merillat, and the Fulton County Board of Commissioners ("appellees") had failed to compensate him for that time, in violation of Section 201 et seq., Title 29, U.S.Code (the Fair Labor Standards Act of 1938, hereafter referred to as "FLSA"). On September 18, 1997, appellant filed an amended complaint in which he further asserted that appellees had willfully failed to compensate him for the overtime and that he had requested compensation on several occasions and was denied each time.

On September 6, ·1998, both sides filed motions for summary judgment. In support of his motion, appellant submitted that his "off the clock" activities are compensable as "hours worked" under the FLSA; that he is entitled to summary judgment as to appellees' failure to compensate him, leaving only the amount of unpaid compensation to be determined; and that payment should be at time and one-half of his regular rate as defined by the FLSA. In support of their motion for summary judgment, appellees asserted that appellant could not prove as a matter of law that either the sheriff or the Fulton County Board of Commissioners had actual or constructive knowledge of appellant's off-duty dog care duties, that appellant cannot prove as a matter of law the amount of time he actually spent on the dog-related activities, that the sheriff acted in good faith and had reasonable grounds to believe he was not in violation of the FLSA, that appellant was compensated for all of the overtime he worked, and that, pursuant to R.C. Chapter 2744, appellees are not liable to appellant for his FLSA claims.

On December 9, 1998, the trial court filed a judgment entry in which it granted appellant's motion for summary judgment and found as follows: (1) appellees' claim of immunity pursuant to R.C. Chapter 2744 is without merit, as the United States Supreme Court held in Garcia v. San Antonio Metro. Transit Auth. (1985), 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016, that the FLSA does apply to local and state governments; (2) off-duty time spent in the care and training of a canine unit dog constitutes compensable hours worked under the FLSA; (3) a question of fact exists as to the number of hours of off-the-clock work appellant performed in caring for the dog and that amount should be determined by the trier of fact at trial; and (4) there exists a genuine issue of material fact as to

whether the sheriff acted in good faith and whether appellant is thereby entitled to liquidated damages. The case was continued for trial.

However, on July 13, 1999, appellees filed a motion for leave to file a supplemental motion for summary judgment. In support of their motion, appellees stated that the United States Supreme Court had issued an opinion three weeks earlier that significantly affected the trial court's jurisdiction in this case. The trial court granted the motion, and on July 16, 1999, appellees filed their motion and memorandum in support. In support of their motion, appellees argued that the United States Supreme Court held in *Alden v. Maine* (1999), 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636, that the state of Maine was immune from suit brought pursuant to the FLSA on the basis of sovereign immunity. Appellees asserted that, pursuant to *Alden*, the state, absent its consent, had sovereign immunity from private lawsuits in state court as to federal law, other than those relating to the Constitution itself or valid federal law that comports with constitutional design. Appellees argued that R.C. Chapter 2744 sets forth the extent to which political subdivisions of the state of Ohio may or may not be sued and that the state has not given its consent to have its political subdivisions sued for alleged violations of the FLSA.

In response, appellant asserted that the issue in this case is whether a county, not a state, is subject to suit in state court under federal law, and that appellees overlooked the part of *Alden's* holding which states that counties do not share the sovereign immunity granted to the states under the Eleventh Amendment and are liable under the FLSA.

On October 8, 1999, the trial court granted summary judgment in favor of appellees. The trial court noted that *Alden* held that the principle of sovereign immunity does not extend to suits prosecuted against a municipal corporation or other governmental entity that is not an arm of the state. The trial court went on to hold, however, that a political subdivision of this state may be sued only by statutory authority and that there are no exceptions in R.C. Chapter 2744 that enable appellant to bring this action against appellees in state court. The trial court further held that there was no genuine issue of material fact as to whether appellees had acted maliciously, in bad faith, or recklessly. It is from that judgment that appellant appeals.

In reviewing a summary judgment, this court must apply the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198, 199. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R.56(C).

■ We will first consider appellant's claim under his second assignment of error that the trial court erred by finding that a court of common pleas lacks jurisdiction to hear a federal claim brought pursuant to the FLSA.

Section 216(b), Title 29, U.S.Code provides:

"Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. * * * *An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for an in behalf of himself or themselves * * *." (Emphasis added.)

The foregoing language clearly creates concurrent jurisdiction in the state and federal courts in an FLSA action and gives a plaintiff his choice of forum. See, e.g., Buckles v. Morristown Kayo Co. (D.C.Tenn.1955), 132 F.Supp. 555. Accordingly, we find that the trial court has jurisdiction over this action and appellant's second assignment of error is well taken.

Appellant's first and third assignments of error will be addressed together. In his first assignment of error, appellant asserts that, while the trial court correctly cited Alden for its holding that a nonconsenting state is not subject to private suits for damages in the state's own courts, the trial court erroneously applied Alden to this case. In his third assignment of error, appellant asserts that the trial court erred by holding that there are no exceptions in R.C. Chapter 2744 that would enable appellant to bring this action against the Fulton County Sheriff and the Fulton County Board of Commissioners in state court.

As to appellant's arguments with regard to Alden, we agree. Alden is not directly applicable to this case because that case arose from a lawsuit brought against a state, not a political subdivision. Alden involved a suit brought by a group of probation officers against their employer, the state of Maine, in the United States District Court for the District of Maine. The officers alleged that the state had violated the overtime provisions of the FLSA. The District Court dismissed petitioners' action, finding that a nonconsenting state is immune from private suit in federal court, and the court of appeals affirmed. Mills v. Maine (C.A. 1, 1997), 118 F.3d 37. Petitioners then filed the same action in state court, but the state court dismissed the suit on the basis of the state's sovereign immunity. The Supreme Judicial Court of Maine affirmed on the same basis, Alden v. Maine (1998), 715 A.2d 172, and, on certiorari, the United States Supreme Court affirmed. Alden held that Congress does not have the power, under Article I of the United States Constitution, to subject nonconsenting states to private suits for damages in the state's own courts.

The trial court appears to have relied on *Alden* as support for its finding that appellees are immune from suit in this case because they did not consent to be sued under the provisions of the FLSA. After a thorough review of the holding in *Alden*, however, this court concludes that *Alden* was not properly applied to this case because appellant herein brought suit against the county sheriff and the county commissioners, not the state of Ohio.

Appellant asserts under his third assignment of error that the trial court erred by finding that R.C. Chapter 2744 contains no exceptions to immunity that would enable appellant to bring this action. The trial court did not provide any support for this finding. This issue is clearly addressed in R.C. 2744.09, which lists actions and claims that are exempted from the coverage of R.C. Chapter 2744 and provides:

"This chapter does not apply to, and shall not be construed to apply to, the following:

"* * *

"(E) Civil claims based upon alleged violations of the constitution or statutes of the United States * * *."

In examining the immunity provided by R.C. Chapter 2744, the court in *Craig v. Columbus City Schools* (S.D.Ohio 1991), 760 F.Supp. 128, 130, stated, "[T]he plain meaning of § 2744.09(E) could not be more clear. Where a plaintiff brings a civil action based upon alleged violations of federal statute against a political subdivision, Chapter 2744 does not apply." See, also, *Wohl v. Cleveland Bd. of Edn.* (N.D.Ohio 1990), 741 F.Supp. 688. Based on the foregoing, we find that the immunity provided in R.C. Chapter 2744 does not extend to appellees.

This court has reviewed the entire record of proceedings before the trial court and, upon consideration thereof and the law, finds that, when construing the evidence that was before the trial court most strongly in favor of appellant, reasonable minds cannot conclude that appellees are entitled to summary judgment as a matter of law. Accordingly, appellant's first and third assignments of error are well taken.

On consideration whereof, this court finds that substantial justice was not done the party complaining. The judgment of the Fulton County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this decision. Court costs of this appeal are assessed to appellees.

*Judgment reversed*
*and cause remanded.*

HANDWORK and MELVIN L. RESNICK, JJ., concur.